IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13-CR-69 |
| vs. | ORDER |
| TANNER D. JURGENS, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has docketed as a motion to reduce sentence (filing 44). The defendant's *pro se* motion will be denied.

The defendant was sentenced on August 26, 2013, to a term of 87 months' imprisonment. Filing 41 at 2. Although the Sentencing Guidelines range for the defendant's offense was 210 to 240 months, the Court departed downward on the defendant's motion over the government's objection. Filing 42 at 1-3.

The defendant contends that he would receive a lower sentence if sentenced today, that he has participated in prison programming and employment and had no disciplinary issues, that he would like to spend time with his ailing father, and that he has a "support system" in place to help him re-enter society. Filing 44. But even if the Court was persuaded to reduce the defendant's term of imprisonment—and to be clear, it is not—the Court has no jurisdiction to do so. *See generally United States v. Austin*, 217 F.3d 595, 597-98 (8th Cir. 2000), *overruled on other grounds by United States v. Watson*, 623 F.3d 542, 544 (8th Cir. 2010); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010).

The Court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons, (2) pursuant to Fed. R. Crim. P. 35 or some other statutory enactment, or (3) when the defendant's Sentencing Guidelines range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c). None of those circumstances are present here. Obviously, the defendant's motion is not brought by the Director of the Bureau of Prisons. Rule 35(a) permits the correction of clear error in a sentence, but there is no clear error here, and even then the correction must be made within 14 days. Rule 35(b) permits a sentence reduction on the government's motion based upon

substantial assistance to the government, but this is not the government's motion and there is no allegation of substantial assistance. The defendant's Guidelines range has not been reduced pursuant to 28 U.S.C. § 994(o). Nor has the defendant alleged that his sentence was unlawful on any of the grounds set forth in 28 U.S.C. § 2255(a). In short, the defendant has identified no authority that would permit the Court, under § 3582(c), to modify his sentence.

IT IS ORDERED:

1. The defendant's motion to reduce sentence (filing 44) is denied.

2. The Clerk of the Court is directed to send a copy of this order to the defendant at the return address contained in filing 44.

Dated this 23rd day of March, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge